IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WALTER CLARK, III, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) Case No. 3:23-cv-00095<br>) Judge Aleta A. Trauger |
| ELECTRIC POWER BOARD OF<br>METROPOLITAN NASHVILLE AND<br>DAVIDSON COUNTY d/b/a NASHVILLE<br>ELECTRIC SERVICE, | )<br>) JURY DEMAND<br>)<br>) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant The Electric Power Board of Metropolitan Nashville and Davidson County, using the service name Nashville Electric Service ("NES" or "Defendant"), by and through undersigned counsel, answers Plaintiff's Complaint as follows:

### NATURE OF COMPLAINT

1.   As to Paragraph 1 of the Complaint, NES admits that Plaintiff has brought this action against NES for the reasons and statutes listed in Paragraph 1. NES denies all allegations or inferences of wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

### JURISDICTION AND VENUE

2.   As to Paragraph 2 of the Complaint, NES admits this Court has jurisdiction to hear Plaintiff's claims. NES denies it engaged in any wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

1

3. As to Paragraph 3 of the Complaint, NES admits this Court is a proper venue to hear Plaintiff's claims. NES denies it engaged in any wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

## PARTIES

4. The allegations contained in Paragraph 4 of the Complaint are admitted.

5. As to Paragraph 5 of the Complaint, NES admits Plaintiff is an African American. NES denies it engaged in any wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

6. As to Paragraph 6 of the Complaint, upon information and belief, NES admits Plaintiff is a resident of Tennessee, and admits it currently employs Plaintiff and did so during all times material to this action. NES denies it engaged in any wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. As to Paragraph 8, NES admits that it is an employer as defined by 42 U.S.C. § 2000e(b) and under THRA § 4-21-102(5) and (14).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. As to Paragraph 9 of the Complaint, NES is without information sufficient to form a belief as to whether Plaintiff has fulfilled all conditions precedent to filing a claim under Title VII of the Civil Rights Act. Accordingly, the allegations in this Paragraph are denied.

10. The allegations contained in Paragraph 10 of the Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Complaint are admitted.

12. The allegations contained in Paragraph 12 of the Complaint are admitted.

13. The allegations contained in Paragraph 13 of the Complaint are admitted.

**FACTS**

14. The allegations contained in Paragraph 14 of the Complaint are admitted.

15. The allegations contained in Paragraph 15 of the Complaint are admitted.

16. The allegations contained in Paragraph 16 of the Complaint are admitted.

17. The allegations contained in Paragraph 17 of the Complaint are admitted.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. As to Paragraph 21 of the Complaint, NES admits only that Ernest Brown was Plaintiff's Supervisor in the Maintenance Section. The remaining allegations are all denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

24. As to Paragraph 24, NES admits that Plaintiff took a picture of a parked NES truck which purports to have Brown inside of it. NES also admits that Ernest Brown was no longer Plaintiff's supervisor at this time. The remainder of the allegations are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. As to Paragraph 28 of the Complaint, NES admits that Plaintiff sent an e-mail to Eric Lewis and Camille Steward on August 18, 2020 complaining about Ray

3

Case 3:23-cv-00095   Document 12   Filed 04/14/23   Page 3 of 11 PageID #: 42

Adcock's alleged June 18th, 2020 comment. The remainder of the allegations are denied.

29. As to Paragraph 29 of the Complaint, NES admits that Plaintiff has applied for promotions on several occasions during his employment with NES. The remaining allegations are denied.

30. As to Paragraph 30, NES admits that Plaintiff has been with NES for the last 20 years and that he was hired on the same date at William Friedburg. The remaining allegations are all denied.

31. The allegations in Paragraph 31 of the Complaint are denied. Any promotion that Mr. Clark sought went to the more qualified candidates.

32. As to Paragraph 32, NES admits that Plaintiff and David Andrews worked together in the Transformer shop. NES also admits that David Andrews was promoted to the Position of Electric Working Foreman in March of 2021. NES is without information sufficient to form a belief as to whether David Andrews stated to Plaintiff that he was going to get the next Working Foreman job. The remainder of the allegations are denied.

33. The allegations in Paragraph 33 of the Complaint are denied.

34. The allegations in Paragraph 34 of the Complaint are denied.

35. As to Paragraph 35, NES admits that on December 21, 2021, Plaintiff sent an e-mail to his supervisor Bridgette Roberts complaining about Misty Reed. NES denies any inferences or allegations of wrongdoing.

4

Case 3:23-cv-00095   Document 12   Filed 04/14/23   Page 4 of 11 PageID #: 43

36. As to Paragraph 36, NES admits that Bridgette Roberts sent Plaintiff's complaint to Steve Clark. The remaining allegations are denied. NES denies any inferences or allegations of wrongdoing.

37. As to Paragraph 37, NES admits that Plaintiff sent a follow-up e-mail to Steve Clark about his December 2021 complaint. NES denies that Plaintiff did not receive any response, and NES denies any inferences or allegations of wrongdoing.

38. NES admits that Steve Clark informed Plaintiff that the matter had been sent to Charles Drewery so that an investigation could be conducted. NES denies that this response occurred "much later", and the allegation that it has not taken any action to resolve Plaintiff's grievance.

39. The allegations in Paragraph 39 of the Complaint are denied.

40. The allegations in Paragraph 40 of the Complaint are denied.

41. As to Paragraph 41 of the Complaint, NES admits that a noose was found on NES property in 2009. Additionally, NES admits that a noose was discovered on a table in the employee smoking area of the Donelson Service Center in June of 2020. NES denies any inference or suggestion that this was directed at Plaintiff, or that Plaintiff saw it. The remaining allegations in Paragraph 41 of the Complaint are denied.

42. The allegations in Paragraph 42 of the Complaint are denied.

43. As to Paragraph 43 of the Complaint, NES admits only that Ty Jones changed his e-mail profile image to a rainbow symbol as well as a "≠" symbol. The remainder of the allegations are denied.

44. The allegations in Paragraph 44 of the Complaint are denied.

45. The allegations in Paragraph 45 of the Complaint are denied.

46. The allegations in Paragraph 46 of the Complaint are denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Intentional Race Discrimination
### (§1983 for violations of §1981 and Title VII)

47. NES incorporates by reference its admissions and denials contained in Paragraphs 1 through 46 above as if fully set forth herein.

48. The allegations contained in Paragraph 48 of the Complaint are denied

49. The allegations contained in Paragraph 49 of the Complaint are denied.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

52. The allegations contained in Paragraph 52 of the Complaint are denied.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied.

### SECOND CAUSE OF ACTION
### Racial Harassment – Hostile Work Environment
### (§1983 for violations of §1981 and Title VII)

56. NES incorporates by reference its admissions and denials contained in Paragraphs 1 through 46 above as if fully set forth herein

57. As to Paragraph 57, NES denies any inferences or allegations that it did not provide Plaintiff with a fair work environment free of racial animus.

58. The allegations contained in Paragraph 58 of the Complaint are denied.

59. The allegations contained in Paragraph 59 of the Complaint are denied.

60. The allegations contained in Paragraph 60 of the Complaint are denied.

61. The allegations contained in Paragraph 61 of the Complaint are denied.

62. As to Paragraph 62 of the Complaint, NES denies Plaintiff was subjected to harassment on the basis of his race. NES denies it engaged in any wrongdoing, and denies Plaintiff is entitled to any relief whatsoever.

63. The allegations contained in Paragraph 63 of the Complaint are denied.

64. The allegations contained in Paragraph 64 of the Complaint are denied.

65. The allegations contained in Paragraph 65 of the Complaint are denied.

66. The allegations contained in Paragraph 66 of the Complaint are denied.

67. The allegations contained in Paragraph 67 of the Complaint are denied.

**THIRD CAUSE OF ACTION**
**Racial Discrimination**
**(Tennessee Human Rights Act § 4-21-101, Et. Seq.)**

68. NES incorporates by reference its admissions and denials contained in Paragraphs 1 through 46 above as if fully set forth herein.

69. The allegations contained in Paragraph 69 of the Complaint are admitted.

70. The allegations contained in Paragraph 70 of the Complaint are admitted.

71. The allegations contained in Paragraph 71 of the Complaint are denied.

72. The allegations contained in Paragraph 72 of the Complaint are denied.

73. The allegations contained in Paragraph 73 of the Complaint are denied.

74. The allegations contained in Paragraph 74 of the Complaint are denied.

75. The allegations contained in Paragraph 75 of the Complaint are denied.

**FOURTH CAUSE OF ACTION**
**Negligence**

76. NES incorporates by reference its admissions and denials contained in Paragraphs 1 through 46 above as if fully set forth herein.

77. As to Paragraph 77 of the Complaint, NES denies violating Plaintiff's rights under common law, and denies engaging in any wrongdoing whatsoever.

78. The allegations contained in Paragraph 78 of the Complaint are denied.

79. The allegations contained in Paragraph 79 of the Complaint are denied.

80. The allegations contained in Paragraph 80 of the Complaint are denied.

81. The allegations contained in Paragraph 81 of the Complaint are denied.

82. The allegations contained in Paragraph 82 of the Complaint are denied.

83. The allegations contained in Paragraph 83 of the Complaint are denied

84. The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial by NES. Nonetheless, NES denies any allegations or inferences of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

85. Any Complaint allegations not expressly admitted are denied in their entirety.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of the claims alleged in the Complaint may be barred by the applicable statute of limitations.

### THIRD DEFENSE

To the extent Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain his claims, or failed to exhaust administrative remedies, such claims are barred.

## FOURTH DEFENSE

All or some claims based on allegations that are beyond the scope of Plaintiff's charge of discrimination filed with the EEOC are barred and fail to state a claim on which relief can be granted.

## FIFTH DEFENSE

At all times, Defendant's actions were based on legitimate, nondiscriminatory, business-related reasons, undertaken in good faith and without malice or ill-will towards the Plaintiff.

## SIXTH DEFENSE

At all times relevant hereto, Defendant had specific policies and procedures in place protecting against unlawful discrimination, harassment, and retaliation which were well known to Plaintiff.

## SEVENTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged harassment, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or avoid harm otherwise.

## EIGHTH DEFENSE

Clark was not subjected to conduct severe or pervasive as to create an objectively hostile or abusive work environment.

## NINTH DEFENSE

Plaintiff cannot prove Defendant has engaged in purposeful discrimination as required by 42 U.S.C. § 1981.

## TENTH DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, such failure bars, or at least reduces, recovery of such damages.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover punitive or exemplary damages because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights.

## TWELFTH DEFENSE

Plaintiff's Complaint, or portions thereof, is inadequate as a matter of law to support a claim for punitive damages.

## THIRTEENTH DEFENSE

Because no discovery has yet occurred in this action, Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, Defendant requests the Court dismiss Plaintiff's claims and award Defendant its costs and attorneys' fees incurred in defending the instant action, as well as any other appropriate relief.

Dated: April 14, 2023

Respectfully submitted,

*/s William A. Blue, Jr.*
William A. Blue, Jr., TN BPR No. 10378
Mary Dohner Smith, TN BPR No. 021451
Jacob A. Freeland, TN BPR No. 039696
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
750 Old Hickory Blvd. Ste. 260-2
Brentwood, TN 37027
615.340.3800
zblue@constangy.com
mdohner@constangy.com
jfreeland@constangy.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished to counsel for the Plaintiff listed below via the Court's electronic filing system and/or United States Postal Service, first-class postage prepaid, on this 14th day of April, 2023.

> Ashley L. Upkins
> The Cochran Firm – Nashville, LLC
> 1720 West End Ave. Suite 320
> Nashville, Tennessee 37203
> Phone: (615) 651-7452
> aupkins@cochranfirmnashville.com

*s/ William A. Blue, Jr.*