# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WALTER CLARK III, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:23-CV-00095 ) Judge Aleta A. Trauger |
| ELECTRIC POWER BOARD OF METROPOLITAN NASHVILLE AND DAVIDSON COUNTY d/b/a NASHVILLE ELECTRIC SERVICE, | ) ) ) JURY DEMAND ) ) |
| Defendant. | |

## JOINT INITIAL CASE MANAGEMENT ORDER

**A.    JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. §1331, §1343(4), and §1367.

**B.    BRIEF THEORIES OF THE PARTIES:**

**1)    PLAINTIFF:** Mr. Clark is an African American male, age 45, was employed by NES for over 22 years. NES engaged in negligence, racial discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. ("Title VII"), The Civil Rights Act of 1991, 42 U.S.C. §§ 1981, and 1983 and The Tennessee Human Rights Act ("THRA") Tenn. Code Ann. § 4-21-101, et seq. Despite his long tenure and dedication to NES, Mr. Clark experienced blatant and continuous racism and discriminatory promotion practices in order to promote the less qualified Caucasian male candidates over Mr. Clark. Mr. Clark has been the victim of constant bullying, being called "Nigger" and "lazy Nigger." The same is true of other African American NES employees. Mr. Clark was treated differently than similarly situated Caucasian employees. Mr. Clark was retaliated against for reporting such practices to appropriate NES personnel. Mr. Clark's experiences show

a pattern of racism, harassment and illegal exclusion within NES resulting in a hostile work environment. Mr. Clark satisfied all conditions precedent to filing this suit and his claims were filed in a timely manner. Mr. Clark should prevail based on the facts and the law. Mr. Clark should be awarded lost wages, lost benefits, lost earning potential, lost retirement benefits, compensatory damages and/or punitive damages, attorneys' fees, expenses, prejudgment interest and post judgment interest.

**2)     DEFENDANTS:** Defendant Electric Power Board of Metropolitan Nashville and Davidson County, using the service name Nashville Electric Service ("NES" or "Defendant") denies any and all allegations of wrongdoing and liability. Plaintiff was not subject to race harassment, discrimination or retaliated against in any manner with respect to his employment with NES. In fact, Plaintiff has suffered no adverse employment action whatsoever. To date, he remains employed by NES and his various workplace complaints have been investigated and/or addressed by NES.

As an initial note, many of the acts Plaintiff alleges amount to discrimination and/or harassment are barred by the applicable statutes of limitations. Plaintiff filed his EEOC charge on November 23, 2021. Thus, any alleged conduct that took place prior to January 27, 2021 is untimely with respect to Plaintiff's Title VII claims. Plaintiff filed his Complaint on January 31, 2023. Thus, any alleged conduct that took place prior to January 31, 2022, is untimely with respect to Plaintiff's THRA and Section 1983 claims[1] and any alleged conduct that took place prior to January 31, 2019 is untimely with respect to Plaintiff's Section 1981 claims.

---

[1] There is no federal statute of limitations for § 1983 claims. When federal law is silent on an issue in a federal court § 1983 action, 42 U.S.C. § 1988(a) requires the federal court to borrow state law on the issue, provided it is consistent with the policies underlying § 1983

As to Plaintiff's allegations that he was passed over for promotion to the "Working Forman" position in April 2021 and October 2021 because of his race or in retaliation for raising concerns, Plaintiff's claims of discrimination and retaliation fail because the positions were filled by individuals more qualified than Plaintiff. While Plaintiff may believe his seniority and work ethic render him qualified for the "Working Forman" position, his self-serving personal assessment of himself does not override NES's promotion procedures.

As to Plaintiff's claim he was subject to racial harassment by Earnest Brown in 2016, his claim, if not barred by the statute of limitations, is subject to dismissal because Mr. Brown's alleged conduct does not rise to the level of severe or pervasive. Plaintiff's claim also fails because he cannot establish employer liability as NES maintained an anti-harassment policy which included a reporting provision Plaintiff failed to take advantage of to avoid any alleged harassment.

Likewise, Plaintiff's assertion he was subject to racial harassment by his co-worker, Ray Adock, in June 2020 is subject to dismissal because Mr. Adock's alleged conduct does not rise to the level of severe or pervasive and Plaintiff cannot establish employer liability under the co-worker standard because Plaintiff's report was investigated/addressed by NES. The same holds true for Plaintiff's allegation an un-identified individual harassed him by telling him "to go home or buy a razor and shave the beard."

Plaintiff's assertion he was subject to racial harassment by co-worker Bobby Martin similarly fails because Plaintiff cannot establish employer liability because Plaintiff's only report regarding Mr. Martin was investigated/addressed by NES.

Similarly, Plaintiff's assertion that he was subject to racial harassment by Misty Reed in November 2021 does not rise to the level of severe or pervasive harassment nor does his allegation

regarding Ty Jones email profile rise to the level of severe or pervasive, both of which were investigated/addressed by NES.

Plaintiff was not subject to any race-based discrimination, severe or pervasive harassment or retaliation. Plaintiff remains employed and NES continues to investigate each time he actually reports alleged harassment. NES has legitimate non-discriminatory reasons for its promotion decisions – NES has promoted the most qualified candidates. Plaintiff's claims fail and should be dismissed.

    **C.**    **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE:** Liability and damages.

    **E.**    **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **May 26, 2023.**

    **F.**    **CASE RESOLUTION PLAN AND JOINT ADR REPORT:** The parties shall file a joint Alternative Dispute Resolution ("ADR") report on or before **January 10, 2024**.

The joint report shall state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either a joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

    **G.**    **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **December 15, 2023**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33. 01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in

good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**H.** **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **July 28, 2023**.

**I.** **DISCLOSURE OF EXPERTS:** The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 2, 2024**. The defendants shall identify and disclose all expert witnesses and reports on or before **April 5, 2024**.

**J.** **DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **August 30, 2024**.

**K.** **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **March 29, 2024**. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**L.** **ELECTRONIC DISCOVERY:** The parties do not anticipate significant electronic discovery. In the event that the parties must conduct electronic discovery, the parties anticipate reaching an agreement on how to proceed. Administrative Order No. 174 therefore, need not apply to this case. However, in absence of an agreement, the default standards

**M.** **ESTIMATED TRIAL TIME:** The parties expect the trial to last approximately **3-4** days.

It is so **ORDERED**.

ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:


/s/Ashley L. Upkins
Ashley L. Upkins, Esq. (#33598)
The Cochran Firm – Nashville, LLC
1720 West End Avenue, Suite 320
Nashville, TN 37203
(615) 678-6278
aupkins@cochranfirmnashville.com
*Attorney for Plaintiff*

/s/Brian Christopher Winfrey
Brian Christopher Winfrey (#025766)
The Winfrey Firm/Morgan & Morgan
2021 Richard Jones Rd, Ste 310A
Nashville, TN 37215
(615) 601 1276
brian@thewinfreyfirm.com
*Attorney for Plaintiff*

/s/ Mary Dohner-Smith
Mary Dohner-Smith TN BPR No. 21451
mdohner@constangy.com
William A. Blue, Jr. TN BPR No. 010378
zblue@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
750 Old Hickory Boulevard
Suite 2-260
Brentwood, TN 37027
PH: 615.340.3800
*Counsel for Defendant*